■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. GERALD GORDON, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Kings County, dated February 19, 1963, which denied without a hearing his application to vacate a judgment of the former County Court, Kings County, rendered April 19, 1958 after a jury trial, convicting him of robbery in the first degree, petit larceny and assault in the second degree, and imposing sentence upon him as a second felony offender. The judgment of conviction was previously affirmed by this court (*People* v. *Gordon,* 8 A D 2d 835, affd. 7 N Y 2d 942; see, also, *People* v. *Pariser,* 8 A D 2d 825, affd. 7 N Y 2d 779). Order reversed on the law and the facts, and matter remitted to the Criminal Term, Supreme Court, Kings County, for a hearing and for further proceedings not inconsistent herewith. Prior to the defendant's arrest, a hearing took place in the former Magistrates' Court of the City of New York, in which two other accused men were the defendants. The minutes of such hearing demonstrate that there was a question concerning the "operability"

of a weapon used in the commission of the crime. At the defendant's trial the prosecutor apparently claimed that he (the prosecutor) had a gun which was°used in the robbery; however, he never produced it and failed to make known to the defense or to the jury the facts as to the question concerning the condition of the gun. The suppression of those facts is now proffered as the basis for relief on this *coram nobis* application. It further appears that the charge to the jury limited them to a consideration solely of robbery in the first degree under subdivision 1 of section 2124 of the Penal Law (armed with a dangerous weapon). A conviction for robbery in the first degree cannot be supported under that subdivision where the weapon in question is inoperable and it is not shown that it was used as a club or in some other manner that would qualify it as a " dangerous weapon " (*People* v. *Dade,* 15 A D 2d 629; *People* v. *King,* 13 A D 2d 997). There are issues of fact concerning the operability of the gun and the treatment of the question in the prosecution against the defendant here, which have not been refuted by unquestionable documentary proof. Under the circumstances, a hearing should be held and a decision made on the basis of all the proof which may be adduced (*People* v. *Langan,* 303 N. Y. 474; *People* v. *Richetti,* 302 N. Y. 290). Beldock, P. J., Kleinfeld, Christ, Brennan and Rabin, JJ., concur.