■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERTO IGLESIAS, Appellant.— Judgment, Supreme Court, Bronx County, rendered December 15, 1970 convicting defendant after a jury trial of the crimes of robbery in the first degree, grand larceny in the second degree, and possession of a weapon as a misdemeanor, and sentencing defendant to concurrent terms of up to five years on the robbery charge, up to four years on the grand larceny charge, and one year on the weapons charge is unanimously modified on the law by reducing the degree of crime, robbery in the first degree, to robbery in the second degree and by remitting the matter for resentence and as thus modified the judgment is affirmed. The trial court submitted to the jury the crime of robbery in the first degree under subdivision 3 of section 160.15 of the Penal Law which provides as follows: "A person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime: * * * 3. Uses or threatens the immediate use of a dangerous instrument." We find that such was error. The proof at the trial merely established that in the course of the robbery one of the defendants displayed a gun. There was no proof that the gun was loaded or that it was used. While the Court of Appeals in *People* v. *Roden* (21 N Y 2d 810) concluded that an unloaded gun was a dangerous weapon within the meaning of former Penal Law, subdivision 4 of section 2124, the new Penal Law (§ 160.15, subd. 3) requires more than mere possession of the dangerous instrument to establish the crime of robbery in the first degree. Since all that was established was

that a gun was displayed the court should not have submitted robbery in the first degree to the jury. We note that subsequent to the commission of this crime section 160.15 of the Penal Law was amended to add a fourth subdivision dealing with the situation where a gun is merely displayed. Although the crime of robbery in the first degree was not established the evidence was legally sufficient to establish defendant's guilt of robbery in the second degree (Penal Law, § 160.10). This court has the authority, which is hereby exercised, to modify the judgment by reducing the crime of which defendant is convicted to robbery in the second degree and accordingly, to remit the matter for resentencing. (CPL 470.15, subd. 2, par. [a]; CPL 470.20, subd. 4.) We also note that one of the witnesses was permitted on redirect examination to testify to a pretrial photographic identification of the defendant. The rule is clear that " a witness may not testify to an extrajudicial identification of a photograph of the defendant" (*People* v. *Griffin,* 29 N Y 2d 91, 93). Nor was there anything which was brought out on cross-examination which justified the use of such testimony and its admission was error. However, we find that the evidence otherwise establishing identification was clear and convincing. As such, the error was harmless beyond a reasonable doubt. Concur — Markewich, J. P., Nunez, Steuer, Tilzer and Capozzoli, JJ.