■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL BRIGGS, Appellant.—Judgment unanimously modified in accordance with memorandum and as modified affirmed. Memorandum: Defendant was found guilty of two counts of robbery in the first degree (Penal Law, § 160.15, subd 3), three counts of robbery in the second degree (Penal Law, § 160.10, subd 2, par [b]) and three counts of felonious possession of a weapon (Penal Law, § 265.05, subd 9 [repealed L 1974, ch 1041, § 2]) under an indictment arising from three separate armed robberies of the same tavern. The first degree robbery counts, alleging the use or the threatened use of a dangerous instrument, should not have been submitted to the jury and must be dismissed. The proof failed to establish either the operability of the weapon or that it was used or threatened to be used as a dangerous instrument (see *People v Iglesias,* 40 AD2d 778). In order to sustain a conviction for robbery in the first degree under subdivision 3, it is necessary to prove that the dangerous instrument is readily capable of causing death or other serious physical injury (Penal Law, § 10, subd 13). Subdivision 4 of the first degree robbery statute (L 1969, ch 1012, § 4) was enacted to deal with circumstances such as those presented here (see Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 160.15, p 205). In *People v Roden* (21 NY2d 810) the Court of Appeals held that an unloaded gun was a dangerous weapon within the meaning of subdivision 1 of section 2124 of the former Penal Law. At that time, however, there were no requirements comparable to those now contained in the Penal Law (§ 10, subd 13). The possession of weapon counts should also be dismissed. The verdicts of guilty on the robbery second degree charges entitled the defendant to a dismissal of the lesser inclusory concurrent counts. On the facts of this case the defendant could not have committed the robberies without also violating former subdivision 9 of section 265.05 of the Penal Law (see CPL 300.40, subd 3, par [b]; CPL 1.20, subd 37; *People v Rivera,* 46 AD2d 642). We have considered the other point raised by defendant and have found it to be without merit. Defendant's sentence is reduced "to that imposed by the criminal court upon the counts with respect to which the judgment is affirmed" (CPL 470.20, subd 3). (Appeal from judgment of Monroe County Court convicting defendant of robbery, first degree and other charges.) Present—Moule, J. P., Simons, Mahoney, Dillon and Witmer, JJ.