■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT EARLY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 27, 1974, convicting him of robbery in the first degree, burglary in the second degree, grand larceny in the third degree (two counts) and resisting arrest, upon a jury verdict, and imposing sentence. Judgment modified, on the law and the facts, by reducing the conviction of robbery in the first degree to a conviction of robbery in the third degree, and by vacating the sentence imposed thereon. As so modified, judgment affirmed and case remitted to Criminal Term for resentence on the conviction of robbery in the third degree. Defendant was charged with robbery in the first degree, to wit, forcibly stealing property while using or threatening "the immediate use of a dangerous instrument" (see Penal Law, § 160.15, subd 3). A dangerous instrument is defined as "any instrument * * * which * * * is readily capable of causing death or other serious physical injury" (Penal Law, § 10.00, subd 13). The evidence adduced at the trial was insufficient to establish that the weapon allegedly possessed by defendant was capable of causing death or other serious physical injury, and, in fact, the evidence failed to establish that defendant actually possessed any weapon (see *People v Green,* 56 AD2d 610; *People v Briggs,* 52 AD2d 1053; *People v Iglesias,* 40 AD2d 778). We have considered the other

issues raised by defendant and find them to be without merit. Hopkins, J. P., Latham, Margett and Rabin, JJ., concur.