■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM CARL BRYANT, Also Known as WILLIAM IRVING BRYANT, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered July 7, 1978, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Although the prosecutor committed error when he questioned the defendant about a prior weapons conviction which the court had suppressed on the *Sandoval* motion, such error did not deprive defendant of a fair trial and should be considered harmless in view of the overwhelming proof of guilt (see *People v Crimmins,* 36 NY2d 230). We have considered the defendant's other contentions and find them to be without merit. Damiani, J. P., O'Connor, Lazer and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CASTALDO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered May 23, 1977, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reducing the conviction of robbery in the first degree to a conviction of robbery in the second degree and by vacating the sentence imposed thereon. As so modified, judgment affirmed and case remitted to Criminal Term for resentence. Defendant was charged with robbery in the first degree based on the use or threatened immediate use of a dangerous instrument (see Penal Law, § 160.15, subd 3). Whether a particular object is a "dangerous instrument" (Penal Law, § 10.00, subd 13) must be determined by its use under the circumstances *(People v Cwikla,* 60 AD2d 40, revd on other grounds 46 NY2d 434). Here, there was not sufficient evidence to show that the unloaded sawed-off rifle was readily capable of causing death or serious injury under the circumstances in which it was used (see *People v Green,* 56 AD2d 610). The gun was brandished at the two robbery victims. However, it was unloaded and no attempt or threat was made to use the gun as a club. The capacity of the sawed-off rifle to inflict death or serious injury was not established in this case. Nevertheless, since the crime of robbery in the second degree was established beyond a reasonable doubt, the judgment has been modified accordingly. Lazer, J. P., Gulotta, Cohalan and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR CINTRON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 27, 1977, convicting him of manslaughter in the first degree, upon his plea of guilty, and imposing sentence. Judgment reversed, on the law, plea vacated, and case remitted to Criminal Term for further proceedings consistent herewith. The defendant, in pleading guilty to manslaughter in the first degree, stated that he was intoxicated at the time the crime was committed. This claim was corroborated by a prosecution witness who testified at a pretrial hearing held just prior to defendant's change of plea. Intoxication may negate the requisite intent (see Penal Law, § 15.25; *People v Orr,* 43 AD2d 836). Under these circumstances, and upon this record, it is impossible to ascertain whether the defendant was aware of the significance of his claim of intoxication (see *People v Serrano,* 15 NY2d 304; *People v Waddell,* 66 AD2d 807; *People v Corrado,* 65 AD2d 760). Damiani, J. P., O'Connor, Lazer and Margett, JJ., concur.