OPINION OF THE COURT
Ruth Moskowitz, J.
The defendants were found guilty of attempted robbery in the first degree following a jury trial. From the proof, the jury found that on July 21, 1978, at approximately 5:00 a.m., the defendants attempted to steal a handbag from a woman on a subway train. Defendant Brown was also found guilty of criminal possession of a weapon in the fourth degree. Defen *872 dants now move, pursuant to CPL 330.30, to set aside the verdict.
The motion is granted to the following extent: The judgment is hereby modified, on the law, by reducing the convictions of attempted robbery in the first degree to attempted robbery in the second degree. In addition, defendant Brown’s conviction for criminal possession of a weapon in the fourth degree is vacated (see CPL 330.30, subd 1).
The defendants were convicted under subdivision 3 of section 160.15 of the Penal Law — robbery in the first degree— which provides that "A person is guilty of robbery in the first degree when he forcibly steals property and when, in the course of the commission of the crime or of immediate flight therefrom, he or another participant in the crime * * * 3. Uses or threatens the immediate use of a dangerous instrument”. A "dangerous instrument” is defined as any instrument, article or substance which, under the circumstances in which it is used, attempted to be used or threatened to be used, is readily capable of causing death or serious physical injury. (Penal Law, § 10.00, subd 13.)
In the present case, a stick held by defendant Brown was the alleged dangerous instrument. The jury verdict is modified for the reason that the evidence adduced at the trial was insufficient to establish that the stick possessed by the defendants was "readily capable of causing death or other serious physical injury.” (CPL 10.00, subd 13.)
A dangerous instrument is distinguished from a "deadly weapon” in that a "deadly weapon” is defined in the Penal Law by listing a few specific lethal instruments of a kind that ordinarily are manufactured or designed as "weapons” and have virtually no other purpose. In contrast to a "deadly weapon” a "dangerous instrument” is not necessarily designed as a weapon, and ordinarily may have a perfectly legitimate function. (See People v Ozarowski, 38 NY2d 481 [baseball bat]; People v Rumaner, 45 AD2d 290 [boots]; People v Cwikla, 60 AD2d 40, revd on other grounds 46 NY2d 434 [handkerchief]; People v Torrez, 86 Misc 2d 369 [dog] — all of which were held to be "dangerous instruments.”) It is defined in the Penal Law, not in terms of specific items or attributes, but in terms of temporary use. The essence of a dangerous instrument is the manner in which the item is used, and inasmuch as the definition refers to any instrument, article or substance, even ordinary items are included within its scope whenever they *873 are "readily capable of causing death or other serious physical injury.” (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 10.00, p 21; People v Cwikla, supra.)
Whether a particular object is a "dangerous instrument” must be determined by its use under the circumstances (People v Castaldo, 72 AD2d 568). Objects commonly considered dangerous weapons may not be "dangerous instruments”, while innocuous objects may fall within the definition. In People v Cwikla (supra) the defendants, in the course of a burglary, gagged the owner of the premises with a handkerchief stuffed into his mouth and bound his wrists and feet. The owner later died of asphyxiation. The court found that the handkerchief was a "dangerous instrument.” On the other hand, under certain circumstances a gun has been held not to be a "dangerous instrument” where the prosecution failed to establish that it was readily capable of causing death or serious physical injury (People v Iglesias, 40 AD2d 778; People v Briggs, 52 AD2d 1053; People v Castaldo, supra).
In the present case, there was testimony that defendant Brown was in possession of the stick and at one point raised it over the head of the complainant. The stick was clearly an "instrument” as that term is used in the definition of a "dangerous instrument”. However, the mere brandishing of the stick without more was not sufficient evidence to establish that it was a "dangerous instrument” (People v Castaldo, supra). No evidence was adduced at trial as to its capability of causing death or serious physical injury under the circumstances in which it was used. Therefore, as a matter of law, the prosecution has failed to prove that the stick was a "dangerous instrument” (People v Cwikla, 60 AD2d 40, supra; People v Castaldo, supra; People v Briggs, supra; People v Green, 56 AD2d 610; People v Early, 59 AD2d 912; People v Iglesias, supra).
Since it was not proven that the stick was a dangerous instrument, the evidence adduced at trial was not legally sufficient to establish the defendants’ guilt of the crime of attempted robbery in the first degree and the judgment must be set aside. Nevertheless, since the crime of attempted robbery in the second degree was established beyond a reasonable doubt, the judgment is so modified and the defendants shall be sentenced accordingly (CPL 330.30, 470.15).
In addition, defendant Brown’s conviction for criminal pos *874 session of a weapon in the fourth degree, which required the possession of a "dangerous instrument,” must also be set aside for the above reasons.