■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RALPH BONEFONT, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Donnelly, J.), rendered June 8, 1979, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law, Count No. 2 of the indictment is dismissed and a new trial is ordered as to the crimes of robbery in the second degree (third count), grand larceny in the third degree (fourth count) and petit larceny (fifth count). Defendant was indicted and charged with robbery in the first degree (two counts), robbery in the second degree, grand larceny in the third degree and petit larceny. Following a trial, the jury found defendant guilty of robbery in the first degree under the second count of the indictment. As to the first count of the indictment, which also charged robbery in the first degree, the jury returned a verdict of not gulty. The jury did not render any verdict as to the third, fourth and fifth counts, inasmuch as it did not consider those counts. At trial there was no evidence that defendant did anything with the gun other than put it next to the complainant's face. The gun was never recovered and there was no evidence tending to show that the gun was loaded, fired or capable of being fired. As the People concede, such evidence was insufficient to establish beyond a reasonable doubt that defendant used or threatened the immediate use of a dangerous instrument as charged in Count No. 2 of the indictment (see Penal Law, § 160.15, subd 3; *People v Johnson,* 64 AD2d 907, 911, 913, affd 48 NY2d 674). Accordingly, the conviction for robbery in the first degree under the second count of the indictment must be reversed and the count dismissed. A new trial, however, is required as to the third, fourth and fifth counts, since the jury did not consider those counts and rendered only a

partial verdict. As there must be a new trial, we note the arresting officer Bakos should not have been permitted to testify to his postarrest conversation with the codefendant (Delgado) on January 1, 1978 and his arrest of the defendant shortly thereafter (see *People v Tufano,* 69 AD2d 826, 827). Lazer, J. P., Rabin, Gulotta and Cohalan, JJ., concur.