■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL STEPHENS, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Thompson, J.), rendered July 16, 1975, convicting him of robbery in the first degree (two counts), robbery in the second degree, attempted robbery in the first degree (two counts) and attempted robbery in the second degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of robbery in the first degree (count No. 1) and attempted robbery in the first degree (count No. 7), and vacating the sentences imposed thereon, and said counts of the indictment are dismissed. As so modified, judgment affirmed. Defendant was charged under counts Nos. 1 and 7 of the indictment with robbery in the first degree and attempted robbery in the first degree by use or threatened use of a dangerous instrument (see Penal Law, § 160.15, subd 3). He was also charged under counts Nos. 2 and 6 with the same crimes on the theory of "display[ing] what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm" (see Penal Law, § 160.15, subd 4). Although evidence was adduced at trial showing that the codefendant displayed what appeared to be a gun, no evidence was adduced to show that the gun alleged to have been used was loaded and operable. Under these circumstances, as the People candidly concede, the proof was insufficient to convict defendant on counts Nos. 1 and 7 of the indictment and these two counts cannot stand (see *People v Bonefont,* 84 AD2d 844; *People v Siler,* 76 AD2d 938; *People v Castaldo,* 72 AD2d 568). Nevertheless, the elements of robbery and attempted robbery in the first degree as charged in counts Nos. 2 and 6 were sufficiently established. Defendant's other arguments deal with unpreserved allegations of error and in view of the strong proof of guilt we decline to reach them. Lazer, J. P., Gibbons, Weinstein and Boyers, JJ., concur.