THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HIRNIAK, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (McMahon, J.), rendered November 22, 1984, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Judgment modified, on the law, by reducing the conviction of burglary in the second degree to one of burglary in the third degree and by vacating the sentence imposed. As so modified, judgment affirmed and matter remitted to the Supreme Court, Westchester County, for resentence.

The evidence at bar discloses that the defendant was openly clutching a knife as he ran towards an empty gasoline filling station office which he entered. While in the office, he removed money from a desk therein. An attendant who had been sitting outside the office some distance away noticed the defendant as he approached and summoned a nearby police officer who apprehended the defendant before he could leave the office. There was no confrontation between the defendant and the attendant, who, in fact, testified that he believed the defendant never saw him.

The defendant was convicted of burglary in the second degree premised upon the theory that he had used or threatened the immediate use of a dangerous instrument (Penal Law § 140.25 [1] [c]). On appeal, the defendant argues, *inter alia,* that there was no evidence establishing the use or immediate threatened use of a dangerous instrument. We agree. As this court has stated, "[w]hether a particular object is a 'dangerous instrument' (Penal Law, § 10.00, subd 13) must be determined by its use under the circumstances" *(People v Castaldo,* 72 AD2d 568; *see also, People v Carter,* 53 NY2d 113, 116; *People v Brown,* 100 AD2d 879, 882; *People v Cwikla,* 60 AD2d 40, *revd on other grounds* 46 NY2d 434).

Although a knife certainly qualifies as a dangerous instrument, here there was no evidence establishing that the defendant gained admittance to the office through a threatened immediate use of the knife. The defendant's mere possession of the weapon, without more, does not establish an immediate threatened use which is readily capable of inflicting serious physical injury *(cf. People v Brown, supra,* at p 882; *People v Castaldo, supra).*

We find, however, contrary to the defendant's contentions, that there was sufficient evidence in the record to present a question for the jury's resolution with respect to the issue of whether the filling station office was open to the public. Accordingly, we decline to disturb the jury's conclusion in this regard.

Since the crime of burglary in the third degree was established beyond a reasonable doubt, the judgment has been modified as set forth above. Brown, J. P., Weinstein, Niehoff and Eiber, JJ., concur.