■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER COLAVITO, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Martin, J.), rendered December 14, 1984, convicting him of robbery in the first degree, robbery in the second degree, and grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Justice Kooper has been substituted for the late Justice Gibbons (see, 22 NYCRR 670.2 [c]).

Ordered that the judgment is affirmed.

The defendant was convicted, after trial, inter alia, of the crime of robbery in the first degree, as charged in the second count of the indictment, in that he forcibly stole property from the victim and during the course thereof "use[d] or threaten[ed] the immediate use of a dangerous instrument" (see, Penal Law § 160.15 [3]).

The evidence adduced at the trial was sufficient to establish that the defendant placed a loaded .32 caliber revolver in the victim's back during the robbery, and stated to the victim "keep your head down, don't turn around, I got a gun * * * if you turn around you've had it".

On the instant appeal, the defendant argues that the evidence was insufficient to warrant his conviction of robbery in the first degree since the People failed to prove that the loaded revolver which was the alleged dangerous instrument was operable. According to the defendant, the gun was, therefore, not "under the circumstances in which it is used, attempted to be used or threatened to be used * * * readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13]; § 160.15 [3]).

It has been held, as the defendant argues, that a defendant who uses a gun in the course of a robbery normally may not

be convicted of robbery in the first degree under Penal Law § 160.15 (3) (use or threatened use of a dangerous instrument) without evidence indicating that the gun allegedly used during the course of the robbery was loaded and operable *(People v Stephens,* 97 AD2d 523; *People v Fwilo,* 47 AD2d 727).

The People argue, *inter alia,* that the jury could "infer that the gun functioned" from "the fact that appellant threatened the use of this loaded revolver during the commission of the robbery".

The People's argument has indeed been accepted by the Federal courts. In *United States v Marshall* (427 F2d 434, 437; emphasis supplied), the Court of Appeals for the Second Circuit stated: "We * * * hold that the jury may infer that a gun used during a robbery was loaded in the absence of direct proof that the chambers contained bullets. *The act of threatening others with a gun is tantamount to saying that the gun is loaded and that the gun wielder will shoot* unless his commands were obeyed" *(see also, United States v Wardy,* 777 F2d 101, 105; *United States v Terry,* 760 F2d 939, 942).

However, this approach has not been adopted by the courts of this State. In *People v Holmes* (71 AD2d 904, *affd* 52 NY2d 976), the evidence merely indicated that the defendant, during a robbery, held a gun to the victim and stated "[I]f you move, I'll have to shoot you". The defendant was convicted under a count in an indictment which tracked the language of Penal Law § 160.15 (3) and charged him with robbery in the first degree in that he "used or threatened the immediate use of a dangerous instrument". This court in *People v Holmes (supra)* reversed the defendant's conviction under that count.

Nevertheless, an affirmance is warranted under the particular facts of this case.

Initially, it must be stressed that the facts at bar are significantly distinguishable from those in *People v Holmes (supra).* In the case at bar, the defendant, in threatening the use of the gun, did not qualify his threat as did the defendant in *People v Holmes (supra),* i.e., "I'll have to *shoot* you" (emphasis supplied). The defendant herein told the victim "I got a gun * * * if you turn around, you've had it". From this language, the jury could have inferred that the defendant was threatening to use the gun in some dangerous fashion, if not in the manner in which a gun is usually employed, at least "as a club", which would clearly qualify it as a dangerous instrument *(cf. People v Gordon,* 19 AD2d 828, 829; *see also, People v Carter,* 53 NY2d 113). Indeed, in the recent case of

*McLaughlin v United States* (476 US —, —, 90 L Ed 2d 15, 18) the United States Supreme Court held that even an unloaded handgun can be considered a "dangerous weapon" within the meaning of a particular Federal statute, i.e., 18 USC § 2113 (d), since "a gun can cause harm when used as a bludgeon".

The defendant's remaining contentions raised in counsel's brief as well as in the defendant's *pro se* brief have been considered and found to be without merit. Mangano, J. P., Niehoff, Kooper and Spatt, JJ., concur.