■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEREMIAH O'LEARY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Glass, J.), rendered January 18, 1984, convicting him of attempted robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reducing the conviction of attempted robbery in the first degree to attempted robbery in the third degree, and vacating the sentence imposed on that count; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for sentencing on the conviction of attempted robbery in the third degree.

We find that the proof adduced at trial was insufficient to establish that the defendant "[u]se[d] or threaten[ed] the immediate use of a dangerous instrument", in this case, a billy club (Penal Law § 160.15 [3]). The complainant testified that he observed a black object in the defendant's right rear pocket at the time of the commission of the robbery. Shortly thereafter the defendant was apprehended and a billy club was recovered by the arresting police officer. However, other than the threats of physical harm and demands for money made by the defendant, there is no evidence that the defendant brandished the billy club or displayed that object so that the jury could infer the use or threatened use of a dangerous instrument, to wit, the billy club (cf., People v Pena, 50 NY2d 400, 407, cert denied 449 US 1087; see, People v Lemon, 124 AD2d 679, lv denied 69 NY2d 747; People v Castaldo, 72 AD2d 568).

Under the circumstances, however, there is sufficient evidence to support a conviction of the lesser included offense of attempted robbery in the third degree (see, Penal Law § 160.05).

The defendant's remaining contentions on appeal are without merit. Thompson, J. P., Brown, Lawrence and Weinstein, JJ., concur.