Titone, J.
(dissenting in People v Lopez and concurring in People v Mendez). In People v Baskerville (60 NY2d 374), this court held that the "[d]isplay[ing] what appears to be a * * * firearm” element of first and second degree robbery (Penal Law § 160.15 [4]; § 160.10 [2] [b]) has both a subjective and an objective component. Further, the court stated in Baskerville that the objective component has two subparts. First, "[t]he defendant must consciously display something that could reasonably be perceived as a firearm” (60 NY2d, at 381, supra). Second, "the display must actually be witnessed in some manner by the victim” (id.). While alluding to this two-pronged objective analysis, the majority has substantially, and unjustifiably, diluted the showing necessary to establish the first prong. Accordingly, although I concur in the result in People v Mendez, I cannot subscribe to the majority’s rationale and, for the same reason, I dissent from its decision to affirm in People v Lopez.
Initially, it bears emphasis that the "[d]isplay[ing] what appears to be a * * * firearm” element is treated as an aggravating circumstance elevating the crime to first degree robbery not only to increase the penalty for putting the victim in fear for his or her life, but also to ease the People’s burden of proof in cases where no shot was fired and, for a variety of reasons, the weapon used in the crime was unavailable (People v Baskerville, supra, at 380-381, citing Hechtman, Practice *224 Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law § 160.15, at 205 [1975 ed]; see also, People v Hedgeman, 70 NY2d 533, 540-542). In such instances, it is impossible for the prosecution to prove that the displayed weapon was "loaded and operable” and was therefore an actual threat to the victim’s safety. Accordingly, the Legislature deemed it appropriate to treat the display of a firearm itself as the aggravating element and to place the burden on the defendant to mitigate culpability by demonstrating that the item displayed was incapable of causing harm (see generally, People v Felder, 39 AD2d 373, affd 32 NY2d 747, appeal dismissed 414 US 948; see also, People v Lockwood, 52 NY2d 790). By allowing for a reduction to second degree robbery upon a showing that the weapon either was not loaded or inoperable, however, the Legislature indicated that the true thrust of the first degree offense remains forceable stealing under conditions creating a genuine risk of death or serious physical injury (cf., Penal Law § 160.15 [1]).
Inasmuch as the "display” element of first degree robbery already takes into account the practical difficulties often involved in proving the crime of armed robbery, its requirements should not be further diluted by constructions that blur the distinctions between the various aspects of the Baskerville test (60 NY2d, at 380-382, supra; see, People v Hedgeman, supra, at 540-541). Such constructions are offensive because they tamper with the balance that the Legislature struck between the defendant’s rights and the People’s interest in obtaining convictions and they give the prosecution an added advantage, even beyond what the Legislature intended.
By permitting a first degree robbery conviction on the basis of the facts proven in Lopez, the majority has drastically redefined the "display” element and, in the process, has stretched that element to encompass situations well beyond its intended reach, effectively eliminate its impact. While Baskerville specifically required that the defendant "consciously display something that could reasonably be perceived as a firearm” (60 NY2d, at 381, supra [emphasis added]), the majority vitiates that requirement by holding that "[a]ll that is required is that the defendant, by his actions, consciously manifest the presence of an object to the victim in such a way that the victim reasonably perceives that the defendant has a gun.” (Majority opn, at 222.) Thus, the majority has replaced the requirement that there be an actual display of some physical object appearing to be a gun (see, People v Lockwood, *225 supra; People v Knowles, 79 AD2d 116) with the far less exacting requirement of some symbolic gesture, other than speech, conveying nothing more than an impression that the robber may have such a physical object.
The standard the majority has adopted permits satisfaction of the "display” element of first degree robbery with proof of facts that establish no more than a threat to use a weapon. Although the majority has emphatically eschewed the use of verbal threats as a means of establishing the "display” element, its conclusion that a gesture "conveying] the impression” that the defendant has a gun will suffice amounts to the same thing. In both instances, the victim’s fear is induced not by an object that is brandished, seen or felt, but rather by a mere communication, in verbal or nonverbal form.
I find this unwarranted reduction in the People’s burden of proof particularly objectionable because it authorizes convictions for first degree robbery on the basis of conduct that is at least one step removed from the type of behavior for which the Legislature intended to impose the highest punishment available within the robbery article. Indeed, equating the "display” of a gun with a mere threatening gesture may prove, in the final analysis, to be even more pernicious than treating a verbal threat as an offense within Penal Law § 160.15 (4), since such gestures are generally more ambiguous than threatening words.
Even more disturbing, the majority has provided prosecutors with a means of circumventing the requirements of Penal Law § 160.15 (3) by permitting first degree robbery convictions under Penal Law § 160.15 (4) upon proof of a mere threatening, gesture. Subdivision (3) of section 160.15 permits a conviction for first degree robbery if the prosecution can prove that the defendant "use[d] or threatened] the immediate use of a dangerous instrument”. It has been held that this subdivision requires proof of the defendant’s actual possession of a dangerous instrument and, in cases involving a gun, proof that the weapon was loaded and operable (see, People v Pena, 50 NY2d 400, 407-408; People v Seabrooks, 120 AD2d 691; People v Stephens, 97 AD2d 523; People v Bonefont, 84 AD2d 844; People v Castaldo, 72 AD2d 568; People v Holmes, 71 AD2d 904, affd on other grounds 52 NY2d 976; People v Johnson, 64 AD2d 907, affd on other grounds 48 NY2d 674; People v Early, 59 AD2d 912; People v Briggs, 52 AD2d 1053; cf., People v Colavito, 126 AD2d 554, affd on other grounds 70 *226 NY2d 996). Thus, a mere threatening gesture suggesting the presence of a gun would not be sufficient to support a conviction for first degree robbery under subdivision (3). Under the majority’s new interpretation of subdivision (4), however, the same facts will support a conviction for first degree robbery under that subdivision, since the "threat” and "display” elements are now virtually indistinguishable and the language of subdivision (4) requiring proof only of "what appears to be a * * * firearm” obviates the need to prove either that the defendant actually possessed a gun or that the gun was loaded and operable.
In sum, each subdivision of Penal Law § 160.15 was enacted to encompass different aggravating circumstances, with subdivision (2) addressed to mere possession of a loaded and operable firearm, subdivision (3) addressed to threats to use actually dangerous weapons of any type and subdivision (4) addressed to displays of objects resembling guns, whether or not they are actually dangerous. The distinctions between the subdivisions should not be blurred by diluting the showing required to establish one or more of their elements and thereby allowing conviction under one when the facts fit within, but fall slightly short of the elements of another (see, People v Briggs, supra). In this case, that is precisely what the majority has done by allowing a conviction for first degree robbery under subdivision (4) when the defendant’s aggravating conduct consists of no more than a threat without the additional element of an actual dangerous instrument, as would be required if he were prosecuted under subdivision (3).
Because the standard the majority has employed represents an unacceptable dilution of the standard previously applied in first degree robbery cases arising under Penal Law § 160.15 (4), I cannot concur. Instead, I would hold, consistent with People v Baskerville (supra) and the plain language of the statute itself, that the "display” element is not satisfied absent proof that "something,” be it a real gun, a toy gun or even a toothbrush or hand concealed in a pocket, has been brandished, pointed or poked at the victim. Because this test has not been met, reversal is required in both People v Lopez and People v Mendez, since in both cases there was no display and, in fact, there was nothing more than a mere gesture.*
*227 Accordingly, for all of the foregoing reasons, I dissent from the majority’s affirmance in People v Lopez.
In People v Lopez: Order affirmed.
Judges Simons, Kaye and Bellacosa concur with Chief Judge Wachtler; Judge Titone dissents and votes to reverse in a separate opinion in which Judges Alexander and Hancock, Jr., concur.
In People v Mendez: Order modified by reducing the conviction of robbery in the first degree to robbery in the third degree and case remitted to Supreme Court, Bronx County, for resentence; and, as so modified, order affirmed.
Judges Simons, Kaye and Bellacosa concur with Chief Judge Wachtler; Judge Titone concurs in result in a separate opinion in which Judges Alexander and Hancock, Jr., concur.

 The basis of the majority’s reversal in Mendez is somewhat unclear. Since the majority stresses that the person on the stoop who held his hand inside his shirt "did not actively participate in the robbery,” "simply sat on *227 the stoop * * * literally on the sidelines, immobile, inconspicuous and indifferent” (majority opn, at 222), it appears that the majority’s holding is premised on a conclusion that there was insufficient proof of that individual’s complicity in the robbery to justify ascribing his potentially threatening gesture to defendant. There is no other principled ground for distinguishing the purported "display” in Mendez from the gesture that was found to be sufficient in Lopez. Indeed, if a mere gesture is sufficient to constitute a "display of what appears to be a * * * firearm” within the meaning of Penal Law § 160.15 (4), the facts in Mendez, which include both a potentially threatening gesture and a verbal reference to a gun, would seem to provide the stronger case for a first degree robbery conviction under the majority’s analysis.