■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOHN GRANT, Respondent. [897 NYS2d 118]—

Appeal by the People from so much of an order of the Supreme

Court, Richmond County (Rienzi, J.), dated January 22, 2009, as granted that branch of the defendant's omnibus motion which was to dismiss the indictment to the extent of reducing the charge of robbery in the first degree to the charge of robbery in the third degree.

Ordered that the order is affirmed insofar as appealed from.

Contrary to the People's contention, the evidence before the grand jury was legally insufficient to establish the charge of robbery in the first degree (*see* CPL 210.20 [1] [b]; Penal Law § 160.15 [3]; *People v Pena*, 50 NY2d 400, 405-408 [1980], *cert denied* 449 US 1087 [1981]). The People failed to present competent evidence which, if accepted as true, established every element of the crime charged (*see People v Bello*, 92 NY2d 523, 525-526 [1998]; *People v Moore*, 185 AD2d 825, 826 [1992]; *People v O'Leary*, 137 AD2d 631, 631-632 [1988]; *People v Lemon*, 124 AD2d 679 [1986]; Penal Law § 160.15 [3]; *see generally People v Ford*, 11 NY3d 875, 877 [2008]).

Here, the People presented insufficient circumstantial evidence from which a grand jury could properly infer the "[u]se . . . or threaten[ed] immediate use of a dangerous instrument" in the course of committing the robbery (Penal Law § 160.15 [3]; § 10.00 [13]; *People v Bello*, 92 NY2d at 525-526; *see People v Peralta*, 3 AD3d 353, 354-355 [2004]). Under the circumstances of this case, the defendant's written threat, without more, was insufficient to establish that the defendant used or threatened the use of a dangerous instrument in his actual possession and readily capable of causing death or other serious physical injury (*see* Penal Law § 160.15 [3]; § 10.00 [13]; *People v Pena*, 50 NY2d at 405-408; *People v Moore*, 185 AD2d at 826; *People v O'Leary*, 137 AD2d at 631-632; *People v Lemon*, 124 AD2d 679 [1986]). Accordingly, the Supreme Court properly reduced the charge of robbery in the first degree to the charge of robbery in the third degree (*see* Penal Law § 160.15 [1]). Balkin, Hall and Austin, JJ., concur.

Fisher, J.P., dissents and votes to reverse the order insofar as appealed from and deny that branch of the defendant's omnibus motion which was to dismiss the indictment, with the following memorandum:

The People presented evidence to the grand jury sufficient to establish that, on May 22, 2008, the defendant entered a branch of the Commerce Bank on Hugenot Avenue in Richmond County, walked up to a teller's station, and handed her a handwritten note that said, "I have a gun, Fill the bag. Don't say anything or I'll shoot." The teller filled the bag with the $1,810 she had at her station, and the defendant took it and

walked out. As the teller never saw a gun, and as the defendant was not apprehended until months later, there was no evidence, other than the note, that the defendant had, in fact, been in possession of a gun at the time of the robbery.

The grand jury returned an indictment charging the defendant with robbery in the first degree as defined in Penal Law § 160.15 (3) and grand larceny in the fourth degree as defined in Penal Law § 155.30 (1). The robbery count alleged that, "while in the commission of [the] crime and in immediate flight therefrom, the . . . defendant used and threatened a bank teller with the immediate use of a dangerous instrument, namely, a loaded gun." The defendant moved to dismiss the indictment or reduce its counts on the ground that the evidence presented to the grand jury was legally insufficient to support the indictment as returned. Upon inspecting the minutes of the grand jury proceeding, the Supreme Court upheld the grand larceny count but reduced the count charging robbery in the first degree to robbery in the third degree. The Supreme Court relied on the line of authority holding that, where the defendant is charged with robbery in the first degree for having threatened the use of a dangerous instrument in the course of the crime (*see* Penal Law § 160.15 [3]), the prosecution must prove, as an element of the crime, that the defendant was in actual possession of a dangerous instrument. The People appeal from so much of the order as reduced the first-degree robbery count. I would reverse the order insofar as appealed from.

As relevant here, the Penal Law raises the level of a forcible stealing (Penal Law § 160.00) from robbery in the third degree (Penal Law § 160.05) to robbery in the first degree if, in the course of the commission of the crime, or the immediate flight therefrom, the defendant "[i]s armed with a deadly weapon" (Penal Law § 160.15 [2]), "[u]ses or threatens the immediate use of a dangerous instrument" (Penal Law § 160.15 [3]), or "[d]isplays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm" (Penal Law § 160.15 [4]). It is settled that a defendant may be convicted of robbery in the first degree for having displayed what appears to be a firearm in the course of the crime without actually having possessed a firearm. All that is required is evidence that the defendant consciously displayed or manifested the presence of something that could reasonably be perceived as a firearm, and that the person being robbed perceived it as such (*see People v Lopez*, 73 NY2d 214, 220 [1989]; *People v Baskerville*, 60 NY2d 374, 381 [1983]). By contrast, to support a conviction of robbery in the first degree for having been "armed with a deadly weapon" in the course of

the crime, the evidence must show that, at the time of the commission of the crime, the defendant was actually in possession of a deadly weapon (*see* Penal Law § 160.15 [2]). This conclusion flows directly from the language of the statute because a person cannot be "armed" with a weapon without possessing it (*see* Penal Law § 160.15 [2]).

As pertinent to the crime charged here, the law defines "dangerous instrument" as "any instrument [or] article . . . which, under the circumstances in which it is . . . threatened to be used, is readily capable of causing death or other serious physical injury" (Penal Law § 10.00 [13]). Although the perpetrator of a robbery can certainly "threaten[ ] the immediate use of a dangerous instrument" (Penal Law § 160.15 [3]) without actually possessing a dangerous instrument, the Court of Appeals has engrafted onto the statute an additional element, requiring proof that the defendant was actually in possession of the dangerous instrument he or she threatened to use. Thus, in *People v Pena* (50 NY2d 400, 407 [1980]), the Court wrote: "[d]ecisional law tells us that, though the statutory ground upon which the first degree robbery count was brought is not explicit in that regard (Penal Law, § 160.15, subd 3), the jury was required to find that [the defendant] actually possessed a dangerous instrument at the time of the crime." And, most recently, in *People v Ford* (11 NY3d 875, 877 n 1 [2008]), the Court reaffirmed that, "[i]n *People v Pena,* we indicated that the 'use or threatened use' language requires proof of actual possession." The Court of Appeals has not yet had the occasion to clarify whether its use of the term "actual possession" means that the dangerous instrument must be in the defendant's actual, as opposed to constructive, possession.

Here, the defendant handed the teller a note that said: "I have a gun, Fill the bag. Don't say anything or I'll shoot." This was an unambiguous statement that the defendant was in possession of a gun that was capable of being fired, and therefore was in possession of a dangerous instrument; and that he would use it if the teller revealed the robbery. The majority, however, finds the statement legally insufficient to establish the defendant's actual possession of a dangerous instrument, reasoning in effect that a defendant's own words uttered in the course of the robbery cannot constitute legally sufficient evidence of actual possession. The majority finds support for this view principally in three Appellate Division cases (*see People v Moore*, 185 AD2d 825, 826 [1992] ["The defendant's threats alone were insufficient to support a conviction for attempted robbery in the first degree"]; *People v O'Leary*, 137 AD2d 631, 631 [1988] ["(O)ther

than the threats of physical harm and demands for money made by the defendant, there is no evidence that the defendant brandished the billy club or displayed that object so that the jury could infer the use or threatened use of a dangerous instrument, to wit, the billy club"]; *People v Lemon*, 124 AD2d 679 [1986] ["The victim testified that she did not actually observe a weapon at the time of the commission of the robbery or immediately thereafter; moreover, no circumstantial evidence was offered from which the jury could properly infer the use or threatened immediate use of a dangerous instrument"]). To the contrary, I find nothing in these cases to support a blanket proposition that a defendant's own words in the course of a robbery can never establish his or her actual possession of an unseen dangerous instrument.

Of course, as an element of the crime, the defendant's possession of the dangerous instrument must be established beyond a reasonable doubt. Thus, for example, where the defendant is apprehended at the scene immediately after the crime, the failure to recover a dangerous instrument from the defendant's person or from the premises undercuts the evidentiary value of any statement the defendant may have made during the crime and would ordinarily render the evidence of possession legally insufficient (*see People v Peralta*, 3 AD3d 353, 355 [2004]). In the absence of such evidence, however, I see no principled reason that a statement uttered by the defendant in the course of a crime—"I have a gun . . . Don't say anything or I'll shoot"— cannot be admitted for its truth and be accepted by the jury as legally sufficient evidence that the defendant was actually in possession of a dangerous instrument, any less than if the defendant had later admitted such possession to the police following his or her arrest (*cf. United States v Marshall*, 427 F2d 434, 437 [2d Cir 1970]). And I find no case from the Court of Appeals holding that such evidence can never be legally sufficient. Notably, in *People v Ford* (11 NY3d 875 [2008]), where the defendant stated in the course of the robbery, "I got a knife," and moved his hand toward his pants pocket, the Court of Appeals stated specifically that it was expressing no opinion as to whether the proof was sufficient to establish actual possession of the knife (*People v Ford*, 11 NY3d at 878 n 2; *see also People v Lopez*, 73 NY2d at 221 n 1).

Because I conclude that, under the circumstances of this case, the defendant's note was legally sufficient evidence, not only of a threat to use a dangerous instrument against the bank teller, but also of the defendant's actual possession of the dangerous instrument, I respectfully dissent.