■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL E. GRAY, Appellant. [816 NYS2d 609]—

Kane, J. Appeal from a judgment of the County Court of Schenectady County (Giardino, J.), rendered September 14, 2004, upon a verdict convicting defendant of the crimes of assault in the first degree, reckless endangerment in the first degree and criminal mischief in the second degree (two counts).

Defendant drove his truck to his ex-girlfriend's house and shot her car several times with a shotgun. He then returned to his home to retrieve more ammunition, left a message on her answering machine stating that he was returning to kill everybody there, then began driving back to her house. When a car stuck in a snow-covered road blocked his path, he attempted to drive through a large snowbank to get around the car. Neighbors informed him that this route was not practical because a fire hydrant was buried in the snowbank. Following a verbal exchange with some neighbors, defendant retrieved his shotgun, containing shells loaded with turkey shot, from his truck. After a few more words were exchanged between defen-

dant and some neighbors, defendant pointed his shotgun at one of the neighbors and shot him. Defendant then got back in his truck and drove to his ex-girlfriend's house, where he shot at the house several times.

After a trial on two consolidated indictments, a jury acquitted defendant of attempted murder in the second degree but convicted him of assault in the first degree, reckless endangerment in the first degree and criminal mischief in the second degree (two counts). Defendant appeals.

The evidence relating to damage to the ex-girlfriend's house adequately supported the conviction for one of the counts of criminal mischief in the second degree. Viewing the evidence in a light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), testimony and repair estimates established that replacing and repairing damaged portions of the house would cost more than the statutory $1,500 threshold (*see* Penal Law § 145.10). The amount of damages properly included the contractor's mark-up for labor and overhead, estimated costs even though some repairs had not yet been made, and the cost to replace all of the paneling in a room where some paneling was damaged and the manufacturer no longer produced the existing paneling to match what was there; testimony revealed that these costs are generally permitted as replacement costs in insurance estimates (*see People v Collins*, 288 AD2d 756, 758 [2001], *lv denied* 97 NY2d 752 [2002]). This evidence was legally sufficient to support the conviction. Additionally, the jury's acceptance of these figures was not against the weight of the evidence.

The evidence was not legally sufficient to support the conviction for assault in the first degree. That crime is established against a defendant when, "with intent to cause serious physical injury to another person, he causes such injury to such person . . . by means of a deadly weapon or a dangerous instrument" (Penal Law § 120.10 [1]). "Serious physical injury" is defined as "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]). Viewing the evidence in the light most favorable to the People (*see People v Contes, supra* at 621), defendant shot the victim with a shotgun from approximately 20 feet away, causing 32 pellets to become lodged in his arm, shoulder and chest. The victim experienced bleeding from his wounds but was conscious and communicative when medical personnel arrived. None of the pellets entered the chest cavity, none were

surgically removed and the victim was released from the hospital in less than 12 hours. The pellets remaining in his body left scarring similar to small pimples. Although the victim missed seven to 10 days of work, suffered numbness and had restricted use of his arm for a period of time, all symptoms resolved in less than four months.

Without minimizing the victim's injuries or pain, this evidence was insufficient to establish a serious physical injury (*see People v Sleasman*, 24 AD3d 1041, 1042-1043 [2005] [stab wound to neck not serious physical injury]; *People v Horton*, 9 AD3d 503, 504-505 [2004], *lv denied* 3 NY3d 707 [2004] [gunshot wound not serious physical injury]; *People v Phillip*, 279 AD2d 802, 803 [2001], *lv denied* 96 NY2d 905 [2001] [broken jaw causing six to eight weeks of missed work, leaving victim unable to eat solid food for two months, with some pain two years later, not serious physical injury]; *People v Castillo*, 199 AD2d 276, 277 [1993] [two stab wounds requiring suturing not serious physical injury]). We conclude, however, that the evidence was sufficient to establish the lesser included offense of attempted assault in the first degree, namely that defendant intended to cause serious physical injury to the victim by means of a deadly weapon and engaged in conduct that tended to effect the commission of the crime of assault in the first degree (*see* Penal Law §§ 110.00, 120.10 [1]; *People v Stoby*, 4 AD3d 766, 766-767 [2004], *lv denied* 2 NY3d 807 [2004]; *People v Elliot*, 299 AD2d 731, 732 [2002]). We therefore modify the conviction by substituting that lesser offense and remit to County Court for resentencing on that count (*see* CPL 470.15 [2] [a]; *People v Torres*, 267 AD2d 715, 715 [1999]; *People v Alvarado*, 262 AD2d 710, 711 [1999]; *People v Darrow*, 260 AD2d 928, 930 [1999]).

County Court correctly refused to charge assault in the third degree as a lesser included offense because the evidence failed to support a finding that defendant acted with criminal negligence as opposed to intent (*see People v Muir*, 3 AD3d 597, 599 [2004], *lv denied* 1 NY3d 631 [2004]; *see also* Penal Law § 120.00 [3]). Defendant's remaining contentions have been reviewed and are without merit.

Crew III, J.P., Carpinello, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, by reducing defendant's conviction for assault in the first degree to attempted assault in the first degree; vacate the sentence imposed on said conviction and matter remitted to the County Court of Schenectady County for resentencing; and, as so modified, affirmed.