■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDOLPH MASON, Appellant. [922 NYS2d 659]—

Lahtinen, J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered December 4, 2009 in Albany County, convicting defendant following a nonjury trial of the crimes of robbery in the first degree and grand larceny in the fourth degree (two counts).

Defendant committed two separate thefts in Albany County during the afternoon of April 7, 2009. Early in the afternoon, he snatched a purse from an elderly woman entering a department store at Colonie Center shopping mall. Mid-afternoon that day, he walked into a bank, reached across the counter, grabbed a teller by the shirt and jacket, pulled her part way across the counter, and demanded money. The teller handed defendant $1,464, which he took and then fled. Two days later, defendant turned himself in at a State Police barracks in Schoharie County.

Following a nonjury trial, defendant was convicted of robbery in the first degree and grand larceny in the fourth degree for taking money at the bank, and grand larceny in the fourth degree for the purse snatching. Defendant, who was in his forties and had no criminal record, was sentenced to concurrent prison terms for the bank crimes of $10^{1}/_{2}$ years for robbery and $1^{1}/_{3}$ to 4 years for grand larceny and, consecutive thereto, a prison term of $1^{1}/_{3}$ to 4 years for the grand larceny conviction stemming from the purse snatching. He was also ordered to pay restitution to the bank of $1,500 plus a 5% surcharge. Defendant appeals.

Defendant contends that his conviction of robbery in the first degree was not supported by legally sufficient evidence and was against the weight of the evidence. "The standard for determining legal sufficiency 'is whether the evidence, viewed in the light most favorable to the People, could lead a rational trier of

fact to conclude that the elements of the crime had been proven beyond a reasonable doubt' " (*People v Washington*, 8 NY3d 565, 570 n 2 [2007], quoting *People v Rossey*, 89 NY2d 970, 971 [1997]). Although defendant acknowledges sufficient proof to establish robbery in the third degree, he asserts that the People failed to prove an aggravating circumstance necessary to elevate the crime to robbery in the first degree (*see generally People v Ramirez*, 89 NY2d 444, 452 [1996]; *People v Miller*, 87 NY2d 211, 214-215 [1995]). He was convicted under Penal Law § 160.15 (3), which required as an aggravating circumstance proof that when he forcibly stole the money at the bank he "[u]se[d] or threaten[ed] the immediate use of a dangerous instrument."

There was proof—a bank security camera image and a recorded phone call between defendant and his wife—indicating that he possessed a letter opener when he was in the bank. A letter opener could constitute a dangerous instrument (*see* Penal Law § 10.00 [13]; *see generally People v Owusu*, 93 NY2d 398, 403-404 [1999]). However, unlike Penal Law § 160.15 (2), where proving mere possession of a "deadly weapon" is an adequate aggravating circumstance to establish robbery in the first degree, possession alone of a potentially "dangerous instrument" is not sufficient under Penal Law § 160.15 (3) (*see People v O'Leary*, 137 AD2d 631, 631 [1988]; *cf. People v Hirniak*, 118 AD2d 729, 730 [1986], *lv denied* 67 NY2d 1053 [1986]). As explained by the Court of Appeals in noting the history of the statute, "if [the defendant] does not carry a weapon classified as 'deadly' but instead a more broadly defined 'dangerous instrument,' the statute now requires a showing not merely of possession but of 'use' or threatened 'immediate use,' on the theory that it was the *employment* of such an instrumentality that was significant" (*People v Pena*, 50 NY2d 400, 407 n 2 [1980], *cert denied* 449 US 1087 [1981] [citation omitted]; *see generally People v Owusu*, 93 NY2d at 401; Greenberg et al., New York Criminal Law § 14:10 [6 West's NY Prac Series 2010]).

Here, the teller from whom defendant demanded money testified that she never saw a letter opener or other such instrument in defendant's possession. She further recalled that his statement to her was limited to his demand that she hand over money. When specifically asked whether he threatened her with a knife or any object, she responded that he did not. Another teller who was located only a few feet away also testified that she did not see a knife or similar object in defendant's possession during the robbery. She stated that she could see defendant's hands and that she did not see anything in his hands at

the time of the robbery. When asked whether he uttered any threats, she responded that she did not hear a threat and that he simply said, "Give me your money."

The evidence in the record, viewed in the light most favorably to the People, does not establish that defendant used or threatened the immediate use of the letter opener. Neither witness saw the letter opener and both testified that he made no threat indicating use of any instrument. Words may not always be necessary to communicate a threat where, for example, a knife is waived or brandished (*see People v Thomas*, 161 AD2d 543, 543 [1990], *lv denied* 76 NY2d 866 [1990]). However, the testimony of the teller from whom the money was taken (as well as the teller next to her) established that defendant did not make any such threatening action with the letter opener. Although the evidence was insufficient for robbery in the first degree, the proof did establish the lesser included offense of robbery in the third degree and we modify the judgment accordingly (*see* CPL 470.15 [2] [b]).

The weight of the evidence argument is academic, as is the challenge to the sentence since defendant must be resentenced on the top count. The People acknowledge that the restitution order must be reduced from $1,500 to $1,464, plus a 5% surcharge.

Spain, J.P., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, by (1) reducing defendant's conviction of robbery in the first degree under count 1 of the indictment to robbery in the third degree and (2) reducing the restitution order from $1,500 to $1,464 (plus surcharge); vacate the sentence imposed on said conviction and matter remitted to the Supreme Court for resentencing; and, as so modified, affirmed.