[962 NE2d 764, 939 NYS2d 273]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE R. STEWART, Appellant.

Argued November 16, 2011; decided December 15, 2011

## APPEARANCES OF COUNSEL

*Anthony J. LaFache*, Utica, for appellant.

*John H. Crandall, District Attorney*, Herkimer (*Jeffrey S. Carpenter* and *Jacquelyn M. Asnoe* of counsel), for respondent.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be modified by reducing defendant's conviction for assault in the first degree (Penal Law § 120.10 [1]) to one for assault in the second degree (Penal Law § 120.05 [2]) and remitting to County Court for resentencing and, as so modified, affirmed.

■ While the assault upon which defendant's conviction is based was serious, involving numerous blows with a sharp instrument, the resulting injuries were described in their most acute aspect by the treating emergency room physician as "superficial"; no organ damage or injury to muscle tissue was radiologically evident. Three of the victim's four wounds required only gauze dressing. And, while the remaining six-to-seven-centimeter wound on the victim's inner forearm was sutured, the victim spent just one day in the hospital without follow-up medical care, apart from the removal of his stitches. These injuries were not shown to be objectively "distressing or objectionable" (*see People v McKinnon*, 15 NY3d 311, 315 [2010]) so as to justify the conclusion that they constituted "serious . . . disfigurement" qualifying as a serious physical injury predicate for first degree assault under Penal Law § 120.10 (1) and § 10.00 (10).

■ Nor was serious physical injury proved upon the alternative ground set forth in the same Penal Law provisions, that the victim suffered "protracted impairment of health." It is true that the victim complained of daily pain attributable to his healing scars, but there was no basis for the jury reasonably to conclude that these sensations, discomfiting as they may have been, were indicative of or causally related to any protracted health impairment. There was, as noted, no medical evidence of an injury even potentially giving rise to extended health impairment. And, while we do not exclude the possibility that pain

may itself be disabling and result in protracted impairment of health, there was no evidence that the pain complained of by the present victim was so severe as to have had that effect; the victim did not, for example, testify as to his pain's severity or his need to resort to palliative measures. We note in this connection that the governing definitional statute, Penal Law § 10.00 (10), provides that, apart from an injury that is protractedly health impairing, "serious physical injury" alternatively may be "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement . . . [or] protracted loss or impairment of the function of any bodily organ." It would not have been consistent with the Legislature's evident intent in this enumeration, rigorously to require verifiable proof of serious and consequential injury, to have included in it what would amount to a catch-all option for complaints of persisting discomfort unconnected to ascertainable health impairment.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order modified, etc.