■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL G. TUCKER, Appellant. [936 NYS2d 386]—

McCarthy, J.

Initially, as the People concede, gang assault in the second degree is a lesser included offense of gang assault in the first degree, and assault in the second degree is a lesser included offense of assault in the first degree. Hence, County Court should have submitted the lesser included counts to the jury in the alternative (*see* CPL 300.40 [3] [b]; 300.50 [4]). After the verdict was rendered, County Court should have dismissed the counts charging lesser included offenses. Accordingly, although no party raised this issue before the trial court, we now dismiss those counts in the interest of justice (*see People v Horton*, 46 AD3d 1225, 1228 [2007], *lv denied* 10 NY3d 766 [2008]).

The evidence was legally insufficient to prove that the victim suffered a serious physical injury. That term—an element of assault in the first degree and gang assault in the first and second degrees (*see* Penal Law §§ 120.06, 120.07, 120.10 [1])—is defined as a "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]). The victim suffered eight stab wounds. Although they all bled, at least seven of them were described by doctors as superficial. The most serious wound was approximately four inches long and 2½ inches deep and transected the victim's rectus abdominis muscle, but the bleeding was stopped with a few sutures. At the hospital, the victim was alert, never lost consciousness, was not in shock, no internal organs were punctured, his blood loss was not massive and his vital signs were essentially normal throughout his time in the hospital. The treating emergency room physician testified that the wounds collectively "could[ ] have caused substantial risk of death," but he did not further explain that opinion or state that the wounds actually did create such a substantial risk. The

surgeon who sutured the wounds testified that it was "possible" that the victim's collective wounds would have been fatal if the injuries had all gone untreated. But he also testified that had the most serious wound and the nearest wound to it been left untreated, they probably would not have been fatal. Considering the victim's actual injuries, rather than mere possibilities or what could have happened, the evidence was insufficient to establish that the victim's injuries created a substantial risk of death (see People v Sleasman, 24 AD3d 1041, 1042-1043 [2005]; People v Rucker, 94 AD2d 948 [1983]).

The other categories of serious physical injury were also not established. The victim displayed his chest scars to the jury, and he also had scars on his back, but the record does not contain any pictures or descriptions of what the jury saw so as to prove that these scars constitute serious or protracted disfigurement (see People v McKinnon, 15 NY3d 311, 316 [2010]). The victim testified that he took pain medication for a few weeks and continued to feel some pain thereafter, but that he was completely pain free about 2½ months after the incident. He testified that his injuries have affected his ability to throw a ball and swing a baseball bat, but he did not elaborate on these effects and he still intended to try out for his college baseball team. No medical evidence was submitted to link his diminished baseball skills to his injuries, as opposed to his reduced ability to practice after receiving his injuries. There was no proof of protracted impairment of health or function of bodily organs. Thus, the People failed to prove that the victim suffered a serious physical injury (see People v Felipe, 79 AD3d 1454, 1455 [2010]; People v Ham, 67 AD3d 1038, 1040 [2009]; People v Gray, 30 AD3d 771, 772-773 [2006], lv denied 7 NY3d 848 [2006]).

The evidence was sufficient to show that defendant, acting in concert with two or more other persons who were actually present, intended to inflict serious physical injury and engaged in conduct toward the victim that could have resulted in serious physical injury—although it only resulted in physical injury—through use of a deadly weapon or dangerous instrument. Therefore, the conviction of gang assault in the first degree should be reduced to attempted gang assault in the first degree and the conviction of assault in the first degree should be reduced to attempted assault in the first degree (see Penal Law §§ 110.00, 120.07, 120.10 [1]; People v Gray, 30 AD3d at 773; People v Sleasman, 24 AD3d at 1043). We must remit for County Court to impose sentence on those reduced counts (see CPL 470.20 [4]).

Mercure, A.P.J., Rose, Lahtinen and Kavanagh, JJ., concur. Ordered that the judgment is modified, on the law and as a matter of discretion in the interest of justice, by (1) reversing defendant's convictions for gang assault in the second degree under count 5 of the indictment and assault in the second degree under count 7 of the indictment and (2) reducing defendant's convictions for (a) gang assault in the first degree under count 4 of the indictment to attempted gang assault in the first degree and (b) assault in the first degree under count 6 of the indictment to attempted assault in the first degree; counts 5 and 7 dismissed, the sentences imposed on counts 4, 5, 6 and 7 vacated, and matter remitted to the County Court of St. Lawrence County for resentencing on counts 4 and 6; and, as so modified, affirmed.