■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX NIMMONS, Appellant. [945 NYS2d 358]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kron, J.), rendered September 17, 2009, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial (Lasak, J.), after a hearing (O'Dwyer, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress his oral and written statements to law enforcement officials.

Ordered that the judgment is modified, on the law, by reducing the conviction of assault in the second degree to assault in the third degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing on that count.

Contrary to the defendant's contention, the Supreme Court properly denied that branch of his omnibus motion which was to suppress his oral and written statements to law enforcement officials. A review of the totality of the circumstances (*see People v Mateo*, 2 NY3d 383, 413 [2004], *cert denied* 542 US 946 [2004]; *People v Anderson*, 42 NY2d 35, 38 [1977]) demonstrates that the defendant's oral and written statements to the police, which were given after he was informed of, and waived, his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]), were voluntarily made (*see* CPL 60.45 [1]; *People v Mateo*, 2 NY3d at 414; *People v Huntley*, 15 NY2d 72 [1965]; *People v Seabrooks*, 82 AD3d 1130, 1130-1131 [2011]).

However, viewed in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), the evidence was legally insufficient to support the defendant's conviction of assault in the second degree, as the People failed to prove beyond a reasonable doubt that the victim suffered a "serious physical injury" within the meaning of the Penal Law (Penal Law § 10.00 [10]; § 120.05 [4]). The People sought to satisfy the element of serious physical injury by demonstrating that the gunshot wound sustained by the victim "create[d] a substantial risk of death" (Penal Law § 10.00 [10]). The People, however, failed to present any evidence that would support such

a finding. They presented the testimony of an emergency medical technician (hereinafter the EMT), who described the "potential consequences" of gunshot wounds to the chest. The EMT, however, did not testify as to whether the gunshot wound inflicted here did, in fact, create a substantial risk of death to this victim. Under the circumstances of this case, the EMT's testimony, along with the victim's medical records, which were not explained or amplified by the testimony of a health care provider, were legally insufficient to establish that the injury to this victim "create[d] a substantial risk of death" (Penal Law § 10.00 [10]). Accordingly, the People failed to establish that the victim sustained a serious physical injury within the meaning of the Penal Law (*id.*; *see People v Tucker*, 91 AD3d 1030, 1031-1032 [2012]; *see also People v Gray*, 30 AD3d 771, 772-773 [2006]; *People v Horton*, 9 AD3d 503, 504-505 [2004]; *People v Snyder*, 294 AD2d 381, 382 [2002]; *People v Matos*, 107 AD2d 823, 824 [1985]).

As the defendant correctly concedes, the evidence was legally sufficient to support a finding that the victim suffered a "physical injury" (Penal Law § 10.00 [9]). Accordingly, we reduce the conviction of assault in the second degree to assault in the third degree, vacate the sentence imposed thereon, and remit the matter to the Supreme Court, Queens County, for resentencing on that count. Skelos, J.P., Dickerson, Eng and Leventhal, JJ., concur.