Lahtinen, J.
Appeal from a judgment of the County Court of Broome County (Smith, J.), rendered June 3, 2010, upon a verdict convicting defendant of the crimes of assault in the first degree and criminal possession of a weapon in the third degree.
In May 2009, defendant and his girlfriend engaged in a verbal dispute at his girlfriend’s apartment in the City of Binghamton, Broome County. Police were summoned, no arrests were made, and defendant left the apartment. Shortly after midnight later that same evening, defendant saw his girlfriend walking on a street; he exited his truck and instructed her to get into the vehicle with him. The victim, an acquaintance of the girlfriend, was nearby and encouraged the girlfriend not to accompany defendant. A brief verbal exchange between defendant and the victim preceded a physical confrontation between the two men in the street. Defendant slashed the victim’s stomach with a utility knife, returned to his truck and drove off. The victim was taken by ambulance to a hospital where he received treatment for a 12-inch cut, two to three inches deep, across his abdomen. Defendant was indicted for assault in the first degree and criminal possession of a weapon in the third degree. Following a jury trial, he was found guilty of both counts and thereafter sentenced to an aggregate prison term of 10 years with five years of postrelease supervision. Defendant appeals.
We find merit in defendant’s argument that the evidence in this record, viewed in the light most favorable to the People, does not establish the serious physical injury element of assault *1036 in the first degree. “ ‘Serious physical injury’ is defined as ‘physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ’ ” (People v Gray, 30 AD3d 771, 772 [2006], lv denied 7 NY3d 848 [2006], quoting Penal Law § 10.00 [10]; see People v Tucker, 91 AD3d 1030, 1031 [2012], lv denied 19 NY3d 1002 [2012]). The cut was 12 inches long and up to three inches deep, but it did not injure any internal organs. The surgery to explore and staple the wound lasted less than 20 minutes, no main vessels were injured and the victim was discharged within about 12 hours of arriving at the hospital. He was given pain medication and his activities were limited for two weeks. The physician who treated him testified that the wound would typically heal within 6 to 12 weeks and that he would experience pain with movement during such time. The victim stated that his movement was restricted for a couple of months and that he currently feels a burning sensation in the area of the injury when he sweats. Although he stated that he has a scar, there is no indication that he showed the scar to the jury. “Without minimizing the nature of the victim’s injuries, we are constrained by this lack of proof to conclude that . . . the evidence does not support a finding that [he] sustained serious physical injury within the meaning of the statute” (People v Alvarez, 38 AD3d 930, 934 [2007], lv denied 8 NY3d 981 [2007] [citation omitted]; see People v Tucker, 91 AD3d at 1031-1032).
Defendant’s contention that the intent element of the assault crime lacked legally sufficient evidence and was against the weight of the evidence is unpersuasive. The jury rejected his assertion that he merely swung at the victim while holding his keys and that he did not know that the utility knife on his key chain was open. The evidence supports the jury’s credibility determination and conclusion in such regard. With the proof establishing an intent to inflict a serious physical injury and the victim suffering a physical injury, we reduce the conviction for assault in the first degree to attempted assault in the first degree (see People v Daniels, 97 AD3d 845, 847 [2012]; People v Gray, 30 AD3d at 773) and remit for resentencing for attempted assault in the first degree.
The conviction for criminal possession of a weapon in the third degree is supported by legally sufficient evidence and is not against the weight of the evidence. In addition to the victim, two other witnesses observed the incident and testified regarding defendant walking toward the victim in the street where he then lunged at him swinging at his stomach. “[Defendant's *1037 intent may be inferred from his actions and the surrounding circumstances” (People v Malcolm, 74 AD3d 1483, 1484 [2010], lv denied 15 NY3d 954 [2010]). Although defendant used the utility knife as part of his employment, the proof in the record establishes that once he encountered the victim, defendant intended to unlawfully use the utility knife as a weapon against the victim (see People v Campos, 93 AD3d 581, 581-582 [2012], lv denied 19 NY3d 971 [2012]).*
County Court did not err in refusing to charge the defense of justification and rejecting two of the three lesser included offenses requested by defendant. Defendant’s use of a utility knife constituted the use of deadly physical force (see People v Mothon, 284 AD2d 568, 569 [2001], lv denied 96 NY2d 865 [2001]), and to receive the justification charge when employing such force “requires that ‘there must have been some reasonable view of the evidence presented that defendant reasonably believed that deadly force was being used or about to be used against him and that [he] was unable to safely retreat’ ” (People v Rodriguez, 306 AD2d 686, 688 [2003], lv denied 100 NY2d 624 [2003]). Viewing the evidence in the light most favorable to defendant, there is no reasonable view thereof that the unarmed victim had any means at his disposal to employ deadly force upon defendant. Although County Court charged assault in the second degree as a lesser included offense, it rejected defendant’s request regarding assault in the third degree and reckless endangerment. Since there was not a reasonable view of the evidence that defendant committed these lesser offenses but not the greater, we find no error (see generally People v Gray, 30 AD3d at 773; People v Muir, 3 AD3d 597, 599 [2004], lv denied 1 NY3d 631 [2004]).
Comments by the prosecutor during summation were generally fair comments on the trial evidence and, in any event, the comments did not deprive defendant of a fair trial (see People v Greene, 13 AD3d 991, 993 [2004], lv denied 5 NY3d 789 [2005]). Defendant’s challenge to his sentence is academic since he must be resentenced on the top count (see People v Mason, 84 AD3d 1502, 1504 [2011]).
Peters, P.J., Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the judgment is modified, on the law, by reducing defendant’s conviction of assault in the first degree under count 1 of the indictment to attempted assault in the first degree; vacate the sentence imposed thereon and matter remitted to the *1038 County Court of Broome County for resentencing on said count; and, as so modified, affirmed.

 It was uncontested that defendant also had a prior criminal conviction, a required element of the crime with which he was charged (see Penal Law § 265.02 [1]).