# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**6**
**KA 11-00450**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

ALEXIS MADERA, DEFENDANT-APPELLANT.

---

DAVISON LAW OFFICE PLLC, CANANDAIGUA (MARY P. DAVISON OF COUNSEL), FOR
DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MATTHEW DUNHAM OF
COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County
(Daniel J. Doyle, J.), rendered January 10, 2011. The judgment
convicted defendant, upon a jury verdict, of assault in the first
degree and assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified as a matter of discretion in the interest of
justice and on the law by reducing the conviction of assault in the
first degree under the first count of the indictment to attempted
assault in the first degree (Penal Law §§ 110.00, 120.10 [1]) and
vacating the sentence imposed on that count and as modified the
judgment is affirmed, and the matter is remitted to Supreme Court,
Monroe County, for sentencing on that conviction.

Memorandum: On appeal from a judgment convicting him following a
jury trial of assault in the first degree (Penal Law § 120.10 [1]) and
assault in the second degree (§ 120.05 [2]), defendant contends that
the evidence of serious physical injury is legally insufficient to
support the conviction of assault in the first degree. Although
defendant failed to preserve that contention for our review (*see
People v Gray*, 86 NY2d 10, 19), we nevertheless exercise our power to
address that contention as a matter of discretion in the interest of
justice (*see* CPL 470.15 [6] [a]). A person is guilty of assault in
the first degree when, inter alia, he or she, with intent to cause
serious physical injury to another person, causes such injury to that
person or to another person by means of a deadly weapon or a dangerous
instrument (Penal Law § 120.10 [1]). We agree with defendant that the
evidence is legally insufficient to establish the element of serious
physical injury (*see generally People v Bleakley*, 69 NY2d 490, 495).
Serious physical injury, as defined in the Penal Law, "means physical
injury which creates a substantial risk of death, or which causes
death or serious and protracted disfigurement, protracted impairment

of health or protracted loss or impairment of the function of any bodily organ" (§ 10.00 [10]).  The People correctly concede that there was no evidence that the victim sustained serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ.  They contend, however, that the victim's injuries created a substantial risk of death (see id.).  We reject that contention.

The evidence at trial concerning the victim's injury consisted of the victim's testimony and medical records.  That evidence established that the bullet entered and exited the victim's body around his right nipple; it was not near any vital organs; and it grazed the victim's right arm either as it entered or exited his body.  Although a tiny fragment of the bullet remained in the victim's chest, the People presented no medical testimony to explain what, if any, risk that fragment posed to the victim.  No sutures were needed and the victim's self-reported pain level was low.  The victim was kept in the hospital overnight for pain management and observation, but he remained in the hospital for another day due to his expressed intent to retaliate against defendant.

Viewing that evidence in the light most favorable to the People, we conclude that no " 'rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " (People v Contes, 60 NY2d 620, 621).  The People presented no evidence establishing that the victim faced a substantial risk of death (see e.g. People v Nimmons, 95 AD3d 1360, 1360-1361, lv denied 19 NY3d 1028; People v Tucker, 91 AD3d 1030, 1031-1032, lv denied 19 NY3d 1002; People v Ham, 67 AD3d 1038, 1039-1040; People v Gray, 30 AD3d 771, 773, lv denied 7 NY3d 848).  Nevertheless, we conclude that the evidence is legally sufficient to establish that defendant committed the lesser included offense of attempted assault in the first degree, "namely that defendant intended to cause serious physical injury to the victim by means of a deadly weapon and engaged in conduct that tended to effect the commission of the crime of assault in the first degree" (Gray, 30 AD3d at 773; see Penal Law §§ 110.00, 120.10 [1]; People v Pross, 302 AD2d 895, 897, lv denied 99 NY2d 657).  We therefore modify the judgment by reducing the conviction of assault in the first degree to that lesser included offense, and we remit the matter to Supreme Court for sentencing on that conviction (see CPL 470.15 [2] [a]; 470.20 [4]; Pross, 302 AD2d at 897).

Although defendant further contends that the evidence before the grand jury was legally insufficient to support the indictment on the count of assault in the first degree, he failed to preserve that contention for our review inasmuch as his "omnibus motion . . . failed to set forth the specific grounds for dismissal now set forth on appeal, i.e., that the evidence was insufficient to establish . . . the element of [serious physical injury]" (People v Agee, 57 AD3d 1486, 1487, lv denied 12 NY3d 813; see People v Becoats, 71 AD3d 1578, 1579, affd 17 NY3d 643, cert denied ___ US ___, 132 S Ct 1970; People v Cobb, 72 AD3d 1565, 1565-1566, lv denied 15 NY3d 803).  We decline to exercise our power to address that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).  Based

on our determination that the trial evidence is legally insufficient to support the charge of assault in the first degree, we do not address defendant's remaining contentions concerning the conviction of that count of the indictment.

Although defendant further contends that he was denied a fair trial based on prosecutorial misconduct during summation, that contention is not preserved for our review because defendant failed to object to the allegedly improper comments during summation (*see People v Balls*, 69 NY2d 641, 642; *People v Sulli*, 81 AD3d 1309, 1311, *lv denied* 17 NY3d 802). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant contends that the court erred at trial in allowing the People to present evidence concerning a confrontation between defendant and one victim that occurred the day before the instant shooting. In addition, defendant contends that the court erred in failing, sua sponte, to give the jury an appropriate limiting instruction. Defendant, however, failed to preserve either contention for our review (*see People v Hunt*, 74 AD3d 1741, 1742, *lv denied* 15 NY3d 806; *People v Francis*, 63 AD3d 1644, 1645, *lv denied* 13 NY3d 835; *see also People v Allen*, 93 AD3d 1144, 1146, *lv denied* 19 NY3d 956; *People v Moore* [appeal No. 2], 78 AD3d 1658, 1659). In any event, defendant's contentions lack merit. The challenged evidence "was probative of [defendant's] motive and intent to assault his victim; it provided necessary background information on the nature of the relationship and placed the charged conduct in context" (*People v Dorm*, 12 NY3d 16, 19; *see generally People v Alvino*, 71 NY2d 233, 241-242). "Although it would have been better practice to caution the jury on the limited purpose for which the evidence was admitted, both at the time it was introduced and again during the charge, the defendant did not request a limiting instruction when the testimony was admitted, and the court adequately instructed the jury as to its limited purpose in the charge" (*People v Kae Kim*, 218 AD2d 815, 815-816, *lv denied* 87 NY2d 847).

We reject the additional contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to preserve defendant's contentions for our review. Viewing the evidence, the law, and the circumstances of this case in totality and as of the time of the representation, we conclude that defense counsel provided meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147). Finally, the sentence imposed on the conviction of assault in the second degree with respect to a second victim is not unduly harsh or severe.

Entered: February 8, 2013                    Frances E. Cafarell
                                              Clerk of the Court