■ The People of the State of New York, Respondent, v Juan Mighty, Appellant. [971 NYS2d 54]—Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Kron, J.), rendered July 15, 2010, and (2) an amended judgment of the same court (Griffin, J.), rendered July 28, 2010, convicting him of attempted assault in the first degree, assault in the second degree (two counts), assault in the third degree (two counts), and criminal possession of a weapon in the fourth degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the appeal from the judgment rendered July 15, 2010, is dismissed, as that judgment was superseded by the amended judgment rendered July 28, 2010; and it is further,

Ordered that the amended judgment is modified, on the law, by reducing the defendant's conviction of assault in the third degree under count eight of the indictment to attempted assault in the third degree, and vacating the sentence imposed thereon; as so modified, the amended judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of attempted assault in the first degree beyond a reasonable doubt (see People v Chiddick, 8 NY3d 445 [2007]; People v Andrews, 78 AD3d 1229, 1230-1231 [2010]). Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to that count was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

However, we agree with the defendant that the evidence was not legally sufficient to establish his guilt of assault in the third degree under count eight of the indictment (see People v Cheeks, 161 AD2d 657 [1990]). Nevertheless, the evidence was legally sufficient to establish his guilt of the lesser-included offense of attempted assault in the third degree (see CPL 470.15 [2] [a]; People v Woodford, 259 AD2d 717 [1999]). Accordingly, the conviction of assault in the third degree under count eight of the indictment must be reduced to a conviction of attempted assault in the third degree, and the sentence imposed under count eight of the indictment vacated. Although the defendant has already served the maximum sentence that could be imposed for attempted assault in the third degree (see Penal Law § 70.15 [1]), we nevertheless remit the matter to the Supreme Court, Queens County, for the imposition of an authorized sentence for that offense (see People v Sutherland, 102 AD3d 897 [2013]; People v Rumley, 102 AD3d 894 [2013]).

The defendant's contention that certain counts were multiplicitous is unpreserved for appellate review and, in any event,

without merit (*see People v Smalls*, 81 AD3d 860, 861 [2011]).

The defendant's remaining contention is without merit. Eng, P.J., Dillon, Dickerson and Chambers, JJ., concur.