THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TARIK PHILIPS, Appellant. [992 NYS2d 104]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lott, J.), rendered January 3, 2006, convicting him of murder in the second degree, attempted murder in the second degree, assault in the first degree (two counts), and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for

review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is modified, on the law, by reducing the defendant's conviction of assault in the first degree under count three of the indictment to assault in the third degree, and vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish, beyond a reasonable doubt, the defendant's guilt of murder in the second degree, attempted murder in the second degree, criminal possession of a weapon in the second degree, and assault in the first degree under count four of the indictment. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt on those counts was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

However, we agree with the defendant that the evidence was not legally sufficient to establish his guilt of assault in the first degree under count three of the indictment because it did not demonstrate that the complainant Spraus sustained a "serious physical injury" (Penal Law §§ 10.00 [10]; 120.10 [3]; *see People v Brown*, 100 AD3d 1035 [2012]; *People v Adames*, 52 AD3d 617, 618 [2008]; *People v Gray*, 30 AD3d 771, 772-773 [2006]; *People v Phillip*, 279 AD2d 802, 803 [2001]). Spraus's testimony and the medical records submitted into evidence were insufficient to prove that the injuries Spraus suffered created a substantial risk of death, or caused "serious and protracted disfigurement, protracted impairment of heath or protracted loss or impairment of the function of any bodily organ" within the meaning of Penal Law § 10.00 (10) (*see People v Mazariego*, 117 AD3d 1082 [2014]; *People v Nimmons*, 95 AD3d 1360 [2012]; *People v Tucker*, 91 AD3d 1030, 1031-1032 [2012]). Nevertheless, the evidence was legally sufficient to establish the defendant's guilt of the lesser-included offense of assault in the third degree (*see* Penal Law § 120.00 [2]). Accordingly, we reduce the

conviction of assault in the first degree under count three of the indictment to a conviction of assault in the third degree, and vacate the sentence imposed under count three of the indictment. Although the defendant has already served the maximum sentence that could be imposed for assault in the third degree (*see* Penal Law § 70.15 [1]), we nevertheless remit the matter to the Supreme Court, Kings County, for the imposition of an authorized sentence for that offense (*see People v Mighty*, 109 AD3d 841 [2013]; *People v Sutherland*, 102 AD3d 897 [2013]; *People v Rumley*, 102 AD3d 894 [2013]).

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in granting the People's application to reopen their case to admit certain evidence concerning a witness's ability to describe the defendant shortly after the shooting in order to rectify a misleading impression created by defense counsel's summation (*see People v Thompson*, 81 AD3d 670, 671-672 [2011], *affd* 22 NY3d 687 [2014]; *People v Loney*, 43 AD3d 726 [2007]; *People v De Los Angeles*, 270 AD2d 196, 199 [2000], *affd sub nom. People v Collins*, 96 NY2d 837 [2001]; *see also People v Massie*, 2 NY3d 179, 185 [2004]).

The defendant's contention that certain remarks made by the prosecutor during summation deprived him of a fair trial is largely unpreserved for appellate review, since he either failed to object to the remarks at issue, made only a general objection, or failed to request further curative relief when his objections were sustained, and he failed to make a timely motion for a mistrial on the specific grounds he now asserts on appeal (*see* CPL 470.05 [2]; *People v Martin*, 116 AD3d 981 [2014]; *People v Jorgensen*, 113 AD3d 793, 794 [2014]; *People v Hoke*, 111 AD3d 959 [2013]). In any event, the challenged portions of the prosecutor's summation were fair comment upon the evidence, were responsive to the defense counsel's summation, were within the bounds of rhetorical comment, or do not otherwise require reversal (*see People v Galloway*, 54 NY2d 396, 399 [1981]; *People v Ashwal*, 39 NY2d 105, 109-110 [1976]; *People v Martin*, 116 AD3d 981 [2014]; *People v Herb*, 110 AD3d 829, 831 [2013]). To the extent that any prejudicial effect may have resulted from certain remarks, it was ameliorated by the trial court's immediate admonitions (*see People v Martinez*, 58 AD3d 754 [2009]; *People v White*, 5 AD3d 511 [2004]).

The sentence imposed with respect to the remaining crimes of which the defendant was convicted was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's contention, in his pro se supplemental brief, that his statements should have been suppressed because they

were obtained in violation of his right to counsel is based on matter dehors the record and, thus, cannot be reviewed on direct appeal (*see People v Lee*, 105 AD3d 870, 871 [2013]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Balkin, J.P., Leventhal, Maltese and LaSalle, JJ., concur.