# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

144
KA 11-00803
PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

EARLWOOD ARMSTRONG, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered November 3, 2010. The judgment convicted defendant, upon a jury verdict, of gang assault in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice and on the law by reducing the conviction to attempted gang assault in the first degree and vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Supreme Court, Onondaga County, for sentencing.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of gang assault in the first degree (Penal Law § 120.07). The evidence presented by the People established that an escalating conflict between defendant and the victim during a party inside the victim's apartment ended in a fight outside the apartment. During the fight, the victim was kicked and punched by defendant and three other assailants, and was struck in the head with an object by one of the other assailants. After being struck in the head, the victim fell to the ground, where the attack continued. Prior to the fight, the three other assailants had agreed to help defendant fight the victim.

Defendant contends that the evidence is legally insufficient to establish that the victim sustained a serious physical injury, a necessary element of gang assault in the first degree. That term is defined as "physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]). Although defendant failed to preserve his contention for our review by failing to renew his motion for a trial order of dismissal after presenting

evidence (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678), we nevertheless exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Viewing the evidence in the light most favorable to the People, we conclude that no " 'rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " (*People v Contes*, 60 NY2d 620, 621).

Resolution of the issue whether the victim sustained a serious physical injury depends upon the nature of "the victim's *actual* injuries, rather than mere possibilities or what could have happened" (*People v Tucker*, 91 AD3d 1030, 1032, *lv denied* 19 NY3d 1002 [emphasis added]; *see People v Nimmons*, 95 AD3d 1360, 1360-1361, *lv denied* 19 NY3d 1028).  The evidence at trial concerning the victim's injuries mainly consisted of the testimony of the victim and his treating physician, and several photographs of the victim.  That evidence established that, as a result of the fight, the victim sustained a two- to three-inch laceration on the back of his head, associated swelling and a hematoma, and other superficial injuries.  A CT scan revealed nothing more serious than "soft tissue swelling of the scalp," although prior to that scan, the treating physician acknowledged that the injuries could have been considered life-threatening.  For treatment, staples were used to close the laceration, and the victim was prescribed antibiotics and painkillers; he was released from the hospital shortly after his arrival.  The laceration left a scar on the back of the victim's head.  Considering his actual injuries, we conclude that the victim's wounds were not so severe as to "create[] a substantial risk of death" within the meaning of Penal Law § 10.00 (10) (*see Tucker*, 91 AD3d at 1032; *see also People v Madera*, 103 AD3d 1197, 1198, *lv denied* 21 NY3d 1006).

We also conclude that the People failed to present evidence establishing that the victim's injuries resulted in "serious and protracted disfigurement" (Penal Law § 10.00 [10]).  When "viewed in context, considering its location on the body and any relevant aspects of the victim's overall physical appearance," we cannot say that the scar on the victim's head would cause a reasonable observer to "find [his] altered appearance distressing or objectionable" (*People v McKinnon*, 15 NY3d 311, 315).  The mere presence of a scar, standing alone, is insufficient to establish serious disfigurement (*see People v Stewart*, 18 NY3d 831, 832; *McKinnon*, 15 NY3d at 316; *People v Trombley*, 97 AD3d 903, 903-904).  Moreover, the record does not indicate whether the jury was ever formally shown the victim's scar, and we cannot simply infer "that whatever the jury saw must have supported its verdict" (*McKinnon*, 15 NY3d at 316; *see generally People v Mazariego*, 117 AD3d 1082, 1083; *People v Brown*, 100 AD3d 1035, 1036, *lv denied* 20 NY3d 1009, *reconsideration denied* 21 NY3d 911).  Moreover, the evidence did not establish that the victim's injuries resulted in "protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]; *see People v Phillip*, 279 AD2d 802, 803-804, *lv denied* 96 NY2d 905; *see also Stewart*, 18 NY3d at 832-833).

Nevertheless, we conclude that the evidence is legally sufficient to support a conviction of attempted gang assault in the first degree because the evidence establishes that defendant, while acting in tandem with the three assailants who were actually present, intended to inflict serious physical injury on the victim, but actually inflicted only physical injury (*see Mazariego*, 117 AD3d at 1083; *Tucker*, 91 AD3d at 1032). Contrary to defendant's contention, the People established defendant's intent to inflict serious physical injury. "The natural and probable consequences of repeatedly striking a man while he is on the ground defenseless is that he will sustain serious physical injury within the meaning of Penal Law § 10.00 (10)" (*People v Meacham*, 84 AD3d 1713, 1714, *lv denied* 17 NY3d 808). Moreover, the proof adduced at trial established that defendant came " 'dangerously near' " to committing the completed crime (*People v Kassebaum*, 95 NY2d 611, 618, *rearg denied* 96 NY2d 854, *cert denied* 532 US 1069; *see also* § 110.00). We therefore modify the judgment by reducing the conviction of gang assault in the first degree to attempted gang assault in the first degree (§§ 110.00, 120.07), and we remit the matter to Supreme Court for sentencing on that reduced count (*see* CPL 470.20 [4]; *Tucker*, 91 AD3d at 1032).

We have reviewed the remaining contentions raised by defendant and conclude that none warrants further modification or reversal.

Entered: February 13, 2015                    Frances E. Cafarell
                                              Clerk of the Court