The People of the State of New York, Respondent, 
against
Mark A. Schmucker, Appellant.




Mischel & Horn, P.C. (Richard E. Mischel, Esq.), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill,
Jeanette Lifschitz, Aurora Alvarez-Calderon of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (John F. Zoll, J.), rendered September 30, 2013. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the second degree and endangering the welfare of a child.




ORDERED that the judgment of conviction is affirmed.
Following a jury trial, defendant was convicted of sexual abuse in the second degree (Penal Law § 130.60 [2]) and endangering the welfare of a child (Penal Law § 260.10 [2]). In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we accord great deference to the jury's opportunity to view the witnesses, hear their testimony, observe their demeanor and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Romero, 7 NY3d 633, 645 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]). The resolution of credibility issues is primarily a determination for the trier of fact, which should not be disturbed "unless the trier of fact has failed to give the evidence the weight it should be accorded" (People v Khanna, 14 Misc 3d 128[A], 2006 NY Slip Op 52507[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2006]; see also People v Kahl, 54 Misc 3d 138[A], 2017 NY Slip Op 50145[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2017]). Upon a review of the record, we find no basis to disturb the jury's determination to credit the victim's testimony as to defendant's sexual conduct in the classroom where he served as a substitute teacher.
Defendant's remaining contentions are either unpreserved for appellate review (see CPL [*2]470.05 [2]; People v Ramtahal, 139 AD3d 983, 984 [2016]; People v Boley, 116 AD3d 965, 966 [2014]; People v Bellman, 112 AD3d 732, 733 [2013]; People v Mohabir, 111 AD3d 851, 852 [2013]; People v Beauliere, 36 AD3d 623, 623 [2007]; People v Maduro, 27 Misc 3d 127[A], 2010 NY Slip Op 50577[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2010]) or without merit (see People v Hayes, 97 NY2d 203, 208 [2002]; People v Perry, 221 AD2d 736, 737 [1995]; People v DaCosta, 31 Misc 3d 142[A], 2011 NY Slip Op 50832[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists 2011]).
However, we note our disapproval of the prosecutor's inappropriate summation remarks concerning defendant's pretrial silence and demeanor (see People v Williams, 25 NY3d 185, 190 [2015]; e.g. People v Tucker, 87 AD3d 1077, 1078-1079 [2011]). A defendant's silence is "generally ambiguous" and " of extremely limited probative worth' " (People v Williams, 25 NY3dat 191, quoting People v Conyers, 52 NY2d 454, 458 [1981]), and, as defendant did not testify, none of the exceptions grounded in impeachment interests apply (see People v Williams, 25 NY3d at 191-193; cf. People v Savage, 50 NY2d 673 [1980]; People v Rothschild, 35 NY2d 355 [1974]). The prosecutor's attempt to contrast defendant's demeanor in the face of accusations with that of a purportedly innocent person was likewise improper (People v Morgan, 66 NY2d 255, 259 [1985]). However, as the defense did not object to the evidence upon which those remarks were based nor to the prosecutor's commentary thereon, defendant failed to preserve those claims for appellate review (see CPL 470.05 [2]; People v Basora, 75 NY2d 992, 994 [1990]; People v Philips, 120 AD3d 1266, 1268 [2014]). Were we to address the question of whether that evidence and commentary implicated state evidentiary rules or state constitutional rights (see People v Pavone, 26 NY3d 629, 642-643 [2015]), we would not disturb the judgment of conviction, as the proof of defendant's guilt was overwhelming and "there [was] no reasonable possibility that [the errors] affected the outcome of the trial" (People v Best, 19 NY3d 739, 744 [2012]; see e.g. People v Aziziandavidi, 100 AD3d 765, 766 [2012]; People v Jackson, 43 Misc 3d 132[A], 2014 NY Slip Op 50622[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2014]). 
Accordingly, the judgment of conviction is affirmed.
PESCE, P.J., WESTON and ALIOTTA, JJ., concur.
Paul Kenny
Chief Clerk
Decision Date: November 24, 2017