People v Brown (2020 NY Slip Op 02562)





People v Brown


2020 NY Slip Op 02562


Decided on May 1, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND DEJOSEPH, JJ.


259 KA 11-01662

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LARRY BROWN, ALSO KNOWN AS "HAWK," DEFENDANT-APPELLANT.






THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (John L. DeMarco, J.), rendered November 29, 2010. The judgment convicted defendant, upon a jury verdict, of murder in the first degree (two counts) and assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the conviction of assault in the first degree (Penal Law § 120.10 [1]) to assault in the second degree (§ 120.05 [2]) and vacating the sentence imposed on count three of the indictment and as modified the judgment is affirmed, and the matter is remitted to Monroe County Court for sentencing on the conviction of assault in the second degree.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of murder in the first degree (Penal Law § 125.27 [1] [a] [viii]; [b]) and one count of assault in the first degree (§ 120.10 [1]). The conviction arises from an incident in which defendant shot three people; two of the victims died and the third—a bystander—was injured.
Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence with respect to his identity as the shooter (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Viewing the evidence in the light most favorable to the People, we reject defendant's further contention that the evidence is legally insufficient to establish the element of intent with respect to the murder counts (see generally id.). Additionally, the sentences imposed on the murder counts are not unduly harsh or severe.
Inasmuch as the bystander victim suffered only a superficial bullet wound that did not penetrate her abdomen, we agree with defendant that the evidence is legally insufficient to establish that such victim sustained the "serious physical injury" necessary to support a conviction of assault in the first degree under Penal Law
§ 120.10 (1) (see § 10.00 [10]; People v Madera, 103 AD3d 1197, 1198 [4th Dept 2013], lv denied 21 NY3d 1006 [2013]; People v Nimmons, 95 AD3d 1360, 1360-1361 [2d Dept 2012], lv denied 19 NY3d 1028 [2012]; see generally Bleakley, 69 NY2d at 495). The evidence, however, is legally sufficient to support a conviction of the lesser included offense of assault in the second degree under section 120.05 (2) (see generally § 10.00 [9]). We therefore modify the judgment accordingly. Defendant's remaining contention is academic in light of our determination.
Entered: May 1, 2020
Mark W. Bennett
Clerk of the Court