People v Murray (2023 NY Slip Op 06454)

People v Murray

2023 NY Slip Op 06454

Decided on December 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 14, 2023

Before: Kapnick, J.P., Friedman, González, O'Neill Levy, JJ. 

Ind. No. 5404/16 Appeal No. 1216 Case No. 2018-03301 

[*1]The People of the State of New York, Respondent,
v
Tyrone Murray, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Katrina Jean Myers of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Julia Gorski of counsel), for respondent.

Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered March 20, 2018, convicting defendant, after a jury trial, of assault in the first degree, attempted assault in the first degree, assault in the second degree (two counts), and criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 22 years to life, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the conviction of assault in the first degree and dismissing that count, reducing the conviction of assault in the second degree (Penal Law § 120.05[1]) to assault in the third degree (Penal Law § 120.00[1]), and remanding the matter for resentencing, and otherwise affirmed.
The evidence here was not legally sufficient to support the convictions of assault in the first degree (Penal Law § 120.10[2]) and assault in the second degree (Penal Law § 120.05[1]), and we review defendant's unpreserved legal insufficiency claims in the interest of justice. The People failed to demonstrate that the victim, who sustained a two-to-three-centimeter laceration on her forehead, which required three stitches and resulted in a small scar, suffered a serious disfigurement (see People v McKinnon, 15 NY3d 311, 315 [2010]) or a serious physical injury (Penal Law § 10.00 [10]; People v Stewart, 18 NY3d 831, 832-833 [2011]). Accordingly, the convictions on those counts must be vacated. However, because the evidence sufficed to prove that the victim suffered a physical injury (Penal Law § 10.00[9]), we reduce the second-degree assault conviction to third-degree assault (Penal Law § 120.00[1]).
Defendant's challenges to the prosecutor's comments on summation are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find that the remarks were fair comment on the evidence and in response to defense counsel's summation, and fell within the bounds of permissible advocacy (see People v Overlee, 236 AD2d 133, 136-137 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal, as they involve matters outside the record, including matters of strategy (see People v Rivera, 71 NY2d 705, 709 [1988]; People v Love, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed. To the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
Because we are remanding for resentencing, we do not reach defendant's excessive sentence claim. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION[*2], FIRST DEPARTMENT.
ENTERED: December 14, 2023